**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARIA DELGADILLO-MEJIA, | No. 21-1201 |
| Petitioner, | Agency No.    A205-467-286 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2023**
San Francisco, California

Before: MURGUIA, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

Jose Maria Delgadillo-Mejia petitions for review of a Board of Immigration Appeals ("BIA") order refusing to sua sponte reopen his removal proceedings. "When the BIA denies *sua sponte* reopening . . . as a matter of discretion, we lack jurisdiction to review that decision, although we retain jurisdiction to review the denial of *sua sponte* reopening for 'legal or

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional error.'" *Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021) (quoting *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020)).

Delgadillo-Mejia argues only that the BIA legally erred by determining that the Notice to Appear ("NTA"), which omitted the time and location information required under 8 U.S.C. § 1229(a)(1)(G)(i), did not deprive the immigration judge of jurisdiction over his removal proceedings. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc) (holding that an NTA's failure to comply with the requirements under § 1229(a)(1)(G)(i) does not deprive the immigration court of jurisdiction), *cert. denied,* No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023).

**PETITION DENIED.**